IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEITH WESLEY JOHNSON,

        Plaintiff,

v.                                                     Civ. No. 5:13cv56

ST. MARY'S CORRECTIONAL CENTER,
KAREN TOWNSEND, WEXFORD HEALTH,
LINDA PERKINS, WILLIAM FOX, SHAWN
STRAUGHN, JACK STOLLINGS, and
MELINDA SIGLER,

        Defendants.

## REPORT & RECOMMENDATION

On April 24, 2013, the above styled civil rights action was transferred to this Court from the Southern District of West Virginia. The complaint alleges that a correctional officer revealed sensitive medical information that put his life in danger and caused other inmates to slander and threaten him. On April 26, the Clerk's office sent the *pro se* Plaintiff a notice that his pleadings with the Court were deficient, along with an approved application to proceed *in forma pauperis*. Regardless of the return of that application, the action cannot proceed *in forma pauperis*. Under 28 U.S.C. § 1915(e)(2)(B), dealing with proceedings *in forma pauperis*, if at any time it is determined that the action is frivolous or fails to state a claim on which relief may be granted, the "court shall dismiss the case." The instant action is barred by the legal doctrine of res judicata, and should therefore be dismissed as frivolous or because no relief may be granted.

Res judicata bars litigation of complaints that have already been resolved in order to limit unnecessary costs, *Brown v. Felsen*, 442 U.S. 127, 131 (1979), promote the finality of judgments, and provide closure to litigants. *Montana v. United States*, 440 U.S. 147, 153 (1979). A suit is barred

1

by res judicata if the second suit would be the same as a previous one, *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981), and a federal suit can be barred if it is the same as one pursued in the state courts. *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466 (1982). Ultimately, the following three elements must be satisfied for a suit to be barred by the doctrine of res judicata: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir.1990). All three elements are met here.

First, there was a judgment on the merits in a prior suit. On August 25, 2011, the Circuit Court of Kanawha County, West Virginia, dismissed a complaint, State Civil Action No. 11-C-1340, by Plaintiff as frivolous in accordance with the West Virginia Prisoner Litigation Reform Act (PLRA). *See* W. Va. Code §§ 25-1A-1, *et seq*. Plaintiff appealed the dismissal to the West Virginia Supreme Court of Appeals, which affirmed the dismissal by memorandum decision. State Appeal No. 11-1395. The West Virginia Supreme Court has implied that a dismissal under the West Virginia PLRA is a judgment on the merits. *See Ward v. Cliver*, 575 S.E.2d 263, 266 (W. Va. 2002) ("Therefore, a statute like the Prisoner Litigation Reform Act, that places a court in the role of judging the *merits* of suits when the case is in a non-adversarial posture, must be given the narrowest possible construction and application.") (emphasis added).

Similarly, under federal law, "[a]lthough a § 1915(e) dismissal does not bar future litigation over the merits of a paid complaint making the identical allegations as the dismissed complaint, such a dismissal has *res judicata* effect on 'frivolous determinations for future in forma pauperis petitions.'" *Pack v. David*, 2007 WL 4947819, *1, n.1 (D. Md. Aug. 1, 2007) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)); *see also Hudson v. Hedge*, 27 F.3d 274, 275-76 (7th Cir.)

2

(prisoner's § 1983 claim that police had deprived him of property without due process of law barred by res judicata when prisoner's prior § 1983 claim involving same property dismissed as frivolous), *cert. denied*, 115 S. Ct. 641 (1994); *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (inmate's § 1983 claim of improper discipline for conduct violation barred by res judicata when inmate's prior identical complaint dismissed as frivolous); *Hughes v. Lott*, 350 F.3d 1157, 1161-62 (11th Cir.2003). Thus, in the context of § 1915(e), the dismissal in state court carries a preclusive effect.

Second, a look at the case caption on the West Virginia Supreme Court of Appeals decision reveals that the parties in the suits are identical. Finally, the instant action is based upon the same complaints raised in the state court. The West Virginia Supreme Court described the complaint as one which "alleges that Defendant Sigler disclosed personal medical information and when Plaintiff grieved, Defendant Stollings and Fox failed to properly investigate such claim. Further, Plaintiff claims that Defendant Perkins and Defendant Wexford Health were both negligent in their care of Plaintiff. Lastly, Plaintiff states that Defendant Straughn provided false information under oath." No. 11-1395. As described, the instant complaint alleges that Defendant Sigler disclosed personal medical information. Compl., p.5. Thus, because the instant complaint is barred under § 1915(e), the undersigned **RECOMMENDS** that the application to proceed *in forma pauperis* be **DENIED** and the Complaint be **DISMISSED**.

The Clerk is directed to transmit a copy of this order to the *pro se* Plaintiff via certified mail, return receipt requested, and any other counsel of record, as applicable. Any party may, within fourteen [14] days of receipt of this recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such

objections. A copy of any objections shall also be submitted to the United States District Judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

DATED: May 8, 2013

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE