IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEITH WESLEY JOHNSON,

    Plaintiff,

v.                                    Civil Action No. 5:13CV56
                                              (STAMP)

ST. MARY'S CORRECTIONAL CENTER,
ADMIN. SERV. ASST. KAREN TOWNSEND,
WEXFORD HEALTH, INC.,
LINDA PERKINS, WILLIAM FOX,
SHAWN STRAUGHN,
UNIT MANAGER JACK STOLLINGS,
and MELINDA SIGLER,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The pro se[1] plaintiff, Keith Wesley Johnson, commenced this civil rights action in this Court by filing a complaint against the defendants, St. Mary's Correctional Center, Administrative Services Assistant Karen Townsend, Wexford Health, Inc., Linda Perkins, William Fox, Shawn Straughn, Unit Manager Jack Stollings, and Melinda Sigler, pursuant to 42 U.S.C. § 1983. In his complaint, the plaintiff alleges that a correctional officer revealed sensitive medical information concerning him that put his life in danger and caused other inmates to slander and threaten him.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate James E. Seibert for initial review and report and recommendation. Magistrate Judge Seibert issued a report and recommendation recommending that the plaintiff's complaint be dismissed with prejudice. In support of this recommendation, the magistrate judge states that the plaintiff's complaint is frivolous, as it is barred by the legal doctrine of res judicata. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. The plaintiff did not file any objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

Under 28 U.S.C. § 1915(e)(2)(b), a court is required to review complaints filed by prisoners against governmental entities or their officers or employees and dismiss any portion of the

complaint found to be frivolous or malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from providing such relief.  In determining whether a complaint states a claim upon which relief may be granted, a court should not scrutinize the pleadings "with such technical nicety that a meritorious claim should be defeated . . . ."  Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Thus, a pro se complaint should not be summarily dismissed unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Accordingly, dismissal for frivolity should only be ordered when the legal theories advanced by the complaint are "indisputably meritless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).

"For res judicata to prevent a party from raising a claim, three elements must be present: '(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action.'"  Ohio Valley Environmental Coalition v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009) (quoting Aliff v. Joy Mfg. Co., 914 F.2d 39, 42 (4th Cir. 1990)).  Here, the plaintiff has brought the same claim as he previously brought in a state court action against the same defendants named in the state court action.  The

plaintiff brought the state court action on August 25, 2011 in the Circuit Court of Kanawha County, West Virginia.  See W. Va. State Civil Action No. 11-C-1340.  Thus, the second and third elements are clearly met.

The first element asks whether a judgment on the merits exists.  The state court dismissed the plaintiff's state complaint as frivolous in accordance with the West Virginia Prisoner Litigation Reform Act ("PLRA").  See W. Va. Code §§ 25-1A-1, et seq.  As the magistrate judge indicated, the West Virginia Supreme Court has implied that a dismissal under the West Virginia PLRA is a judgment on the merits.  See Ward v. Cliver, 575 S.E.2d 263, 266 (W. Va. 2002) (stating that the West Virginia PLRA places a court in the role of judging the merits of a claim).  Further, under federal law, claims dismissed as frivolous under § 1915(e) have res judicata effect on frivolous determinations for future in forma pauperis petitions.  Waller v. Groose, 38 F.3d 1007 (8th Cir. 1994) (per curiam).  Thus, the dismissal of the plaintiff's state court action carries preclusive effect in this action as a judgment on the merits.  Accordingly, because the plaintiff's claim is barred by res judicata as it meets all of the above outlined elements, it must be dismissed as frivolous for failing to state a claim upon which relief can be granted.

IV. <u>Conclusion</u>

For the reasons set forth above, this Court finds no clear error in the report and recommendation of the magistrate judge, and it is therefore AFFIRMED and ADOPTED in its entirety. It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. <u>See</u> <u>Wright v. Collins</u>, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> plaintiff by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 23, 2014

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE